**UNITED STATES DISTRICT COURT**

**DISTRICT OF SOUTH DAKOTA**

**CENTRAL DIVISION**

FILED
APR 14 2008



****************************************************************************

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | CR. 07-30112 |
| Plaintiff, | * | |
| | * | REPORT AND RECOMMENDATION |
| -vs- | * | FOR DISPOSITION OF DEFENDANT'S |
| | * | MOTION TO DISMISS |
| CHRISTOPHER L. SCOTT, | * | |
| Defendant. | * | |

****************************************************************************

Defendant, Christopher L. Scott, has filed a Motion to Dismiss and Memorandum in support thereof, Docket Nos. 25, 26. In his Motion, Defendant challenges the sufficiency of the Indictment on constitutional grounds and under Rule 7(c) of the Federal Rules of Criminal Procedure. Plaintiff, United States of America (Government), has filed a Memorandum resisting the dismissal Motion, Docket No. 28. Because the Motion is a dispositive one, this Court is only authorized to determine the same on a report and recommendation basis. Pursuant to 28 U.S.C. §636(b)(1), the Court does now make and propose the following report and recommendation for disposition of the Motion.

I.

Defendant is charged with committing four sex offenses on J.J., a male minor child, in Indian country over an 80-month time period. In the first two counts, Defendant is alleged to have had penile/anal contact (Count I) and fellatio (Count II) with the child between July 22, 1996 and July 21, 2001. In the third count, Defendant is alleged to have engaged in

abusive sexual contact with the child during the same time period. The fourth count alleges that Defendant sexually abused the child between July 22, 2001 and March 10, 2003.

Defendant claims that he cannot defend the Indictment. He contends that "the Indictment fails to charge essential facts, when and where" and that the sexual contact alleged in it embodies "virtually every type of sexual act or contact known." According to Defendant, "[g]iven the barrage of acts, or attempted acts" and the "temporal uncertainty" of them, the Indictment violates his Fifth and Sixth Amendment rights and does not comply with the requirements found in Rule 7(c).

## II.

Rule 7(c)(1) mandates that an indictment contain a "plain, concise and definite written statement of the essential facts constituting the offense charged." This mandate performs three constitutionally required functions: It fulfills the right guaranteed under the Sixth Amendment "to be informed of the nature and cause of the accusation"; it also prevents a person from being subject to double jeopardy as provided in the Fifth Amendment; and finally, it protects, in accordance with the Fifth Amendment, against prosecution for crimes based on evidence not presented to the grand jury. United States v. Walsh, 194 F.3d 37, 44 (2d Cir. 1999).

In Hamling v. United States, 418 U.S. 87 (1974), the Supreme Court set forth the criteria by which the sufficiency of an indictment is to be measured:

> [F]irst, [that it] contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and second, [that it] enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense.

2

418 U.S. at 117; see also United States v. Resendiz-Ponce, 127 S.Ct. 782, 788 (2007); Valentine v. Konteh, 395 F.3d 626, 631 (6th Cir. 2005). Thus, in order for an indictment to be sufficient, it must (1) contain the elements of the charged offenses, (2) give the defendant adequate notice of the charges and (3) protect the defendant against double jeopardy. Id.; see also Hamling, 418 U.S. at 117; United States v. Cruikshank, 92 U.S. 542, 558 (1875); United States v. Diaz-Diaz, 135 F.3d 572, 575-76 (8th Cir. 1998).

A.

The Indictment in this case tracks the language of the four sex offenses charged. It fully, expressly and without ambiguity states the necessary elements that constitute these offenses. It therefore satisfies the first prong of Russell.

B.

Defendant, however, maintains that the Indictment does not provide him with proper notice of the charges lodged against him and violates his right to be protected from double jeopardy. This Court disagrees.

As the Supreme Court made clear in Russell, an indictment must give a defendant adequate notice of the charges against him so that he is able to mount an effective defense. 369 U.S. at 763-64. Such notice is essential in a criminal prosecution:

> No principle of procedural due process is more clearly established than that notice of the specific charge, and a chance to be heard in a trial of the issues raised by that charge, if desired, are among the constitutional rights of every accused in a criminal proceeding in all courts, state or federal.

Cole v. Arkansas, 333 U.S. 196, 201 (1948); see also Jackson v. Virginia, 443 U.S. 307, 314 (1979) (It is "axiomatic" that "a person cannot incur the loss of liberty for an offense without

notice and a meaningful opportunity to defend"); In re Oliver, 333 U.S. 257, 273 (1948) ("[a] person's right to reasonable notice of a charge against him, and an opportunity to be heard in his defense . . . are basic in our system of jurisprudence").

(i)

A review of the Indictment reveals that there is a clear differentiation among the four sex offenses. Counts I and II charge Defendant with two kinds of aggravated sexual abuse (penile/anal contact and fellatio) in violation of two separate statutory provisions (18 U.S.C. 2246(2)(A) and (B)). Count III charges Defendant with abusive sexual contact under a separate, but overlapping, statutory scheme and Count IV charges him with abusive sexual contact of a child under two distinct statutes altogether. Unlike the situation where the counts charged are not anchored to separate and distinguishable criminal acts, see e.g. Valentine, 395 F.3d at 632-34; United States v. Panzavecchia, 421 F.2d 440, 441-42 (5th Cir. 1970), cert. denied, 404 U.S. 966 (1971), the Indictment here provides sufficient notice of what occurrences form the basis for the criminal charges Defendant faces, see e.g. Walsh, 194 F.3d at 45; United States v. Ramos-Ramos, No. 1:07-CR-08, 2007 WL 1467250 at **3-4 (W.D. Mich. May 18, 2007). And, the Government has engaged in "open discovery" with Defendant, providing him with the particulars of the factual underpinnings for each of the charged offenses. See Walsh, 194 F.3d at 45; Alston v. Donnelly, 461 F.Supp.2d 112, 128-29 & n. 7 (W.D.N.Y. 2006); see also United States v. Pfeifer, 371 F.3d 430, 438 (8th Cir. 2004) (due process requirements may be satisfied if a defendant receives actual notice of the charges against him, even if the indictment is deficient).

(ii)

Defendant challenges the several year time period the four offenses are alleged to have occurred. He contends that such a wide range prejudices him in his defense.

In child sex cases, the alleged child victim is often repeatedly abused at a tender age and simply unable to remember exact dates and times, particularly if the crimes took place in the distant past and over an extended period of time. Such is the case here.[1] Defendant has not shown, or even alleged, that the Government knew of a more specific time frame for the offenses than those set out in the Indictment. It appears that the Government is not able to supply specific dates or a confined time period when these offenses occurred because it does not have that information.

The question then becomes whether the Government's ability to narrow the time periods alleged results in substantial prejudice to Defendant's ability to defend himself. Although Defendant argues in a conclusory fashion that this is so here, he does not demonstrate or explain exactly how he is prejudiced by the lack of a specific offense. He has not filed notice of his intention to rely on an alibi defense and does not assert, in his dismissal Motion, that he was indisputably elsewhere during part of the time frames alleged. Nor has he sought to obtain a bill of particulars from the Government, pursuant to Rule 7(f) of the Federal Rules of Criminal Procedure, in an effort to find out, with more precision, where and when the offenses took place. Defendant has failed to demonstrate that the large blocks of

---

[1] The investigative reports submitted by the Government, and filed under seal, bear this out.

time alleged in the Indictment, during which the charged offenses supposedly occurred, have been materially detrimental to him.

In any event, courts have found that fairly large windows of time, in the context of child sexual abuse prosecutions, do not conflict with constitutional notice requirements. See Valentine, 395 F.3d at 632; Parks v. Hargett, No. 98-7068, 1999 WL 157431 at *4 (10th Cir. 1999); Fawcett v. Bablitch, 962 F.2d 617, 618-19 (7th Cir. 1992); Vernier v. State, 909 P.2d 1344, 1350-52 (Wyo. 1996); State v. Cozza, 71 Wash. App. 252, 254-60, 858 P.2d 270, 272-75 (1993); State v. Wilcox, 808 P.2d 1028, 1031-34 (Utah 1991); see also United States v. Youngman, 481 F.3d 1015, 1019 (8th Cir. 2007) (time is not a material element of the offense of aggravated sexual assault). Certainly, prosecutors should be specific as possible in delineating the time frames of charged offenses, but courts must acknowledge the reality that frequently child victims are limited in their perception of time and faculties to define the trauma of sexual abuse they may have endured much earlier in their lives.

(iii)

Defendant claims that the broad time periods alleged in the Indictment make him susceptible to, or at least create the risk of, a constructive amendment. Such an amendment "occurs when the essential elements of the offense as charged in the indictment are altered in such a manner – often through the evidence presented at trial or the jury instructions – that the jury is allowed to convict the defendant of an offense different from or in addition to the offenses charged in the indictment." United States v. Whirlwind Soldier, 499 F.3d 862, 870 (8th Cir. 2007), cert. denied, 128 S.Ct. 1286 (2008). "[A] constructive amendment of an indictment is reversible error per se." Id. In reviewing a claim of constructive amendment,

a court must "consider whether the admission of evidence or the jury instructions created a 'substantial likelihood' that the defendant was convicted of an uncharged offense." Id.

At this juncture of the proceedings, the Court is in no position to determine, or even appropriately assess, whether there is a "substantial likelihood" that Defendant will be convicted of one or more offenses not charged in the Indictment. The trial court will no doubt be sensitive to Defendant's constructive amendment claim and be cautious when performing its evidentiary gatekeeping function and settling jury instructions. On this record, it is premature for the Court to conclude, much less to recommend, the drastic remedy of a dismissal, based on a bald claim that the time frames alleged create the risk of a constructive amendment. The trial court will most assuredly see to it that Defendant is tried on the essential elements of the indicted offenses, that he is fully and fairly apprised of the charges facing him at trial, and that the jury is not instructed in such a manner that it can find him guilty of a crime not charged. Id. at 871.

C.

The Fifth Amendment, and in particular, due process also requires that criminal charges provide a defendant with the ability to protect himself from double jeopardy. Defendant claims that because of insufficient specificity in the time periods alleged in each of the charged offenses, he is unable to plead acquittals or convictions as a bar to future prosecutions. According to Defendant, he cannot be sure, given the broad time frames in the Indictment, what double jeopardy will prohibit and what factual incidents will be presented to and decided by the jury.

If the counts were identical, or at least undifferentiated, his claim might have some force. See Valentine, 395 F.3d at 634-36. But the Indictment Defendant is charged with contains four factually distinguishable offenses. See id. at 395 F.3d at 637-38. Although it remains to be seen whether there is an evidentiary foundation for submitting all four counts to the jury, on the face of the Indictment, the offenses are separate and distinct. Inasmuch as the charges are all linked to differentiated incidents, there is no resulting uncertainty that would prohibit Defendant from asserting that his acquittal or conviction of some or all of the charges would bar any prosecution for similar incidents. Id. Moreover, to the extent that the "open file" discovery Defendant has already received does not shore up any lingering uncertainties he may have as to the factual basis for each charge, he can move for a bill of particulars,[2] request a pre-trial hearing[3] and/or choose to address his concerns at trial through cross-examination, a motion for judgment of acquittal, while settling jury instructions or otherwise. It is impossible to predict, in view of the time frames alleged in the Indictment, whether the Government will present four separate incidents of sexual abuse or just two.[4] The trial evidence, of course, will shed more definitive light on this question. At this point, the Court should not engage in speculation and, in the absence of a presumptively valid indictment containing four undifferentiated sex offenses, should not rush to conclude that a due process violation has occurred.

---

[2] Courts frequently cite the availability of the bill in refusing to require specificity that goes beyond a general description of the underlying event. See e.g. United States v. Debrow, 346 U.S. 374, 378 (1953).

[3] See Dell'Orfano v. State, 616 So.2d 33, 35-36 (Fla. 1993).

[4] Counts I-III and Count IV allege two different, but consecutive, time periods.

D.

At this point, the Court is satisfied that the Indictment passes constitutional muster under the Fifth and Sixth Amendments. It contains the elements of the four offenses charged, sufficiently apprises Defendant of what he must be prepared to meet, and in the case of future prosecutions, allows him to plead a formal acquittal or conviction. See Russell, 369 U.S. at 763-64. That is not to say, however, that as the record is more fully developed and evidence adduced at trial, Defendant's Motion should not be revisited. For now, it should be denied, but without prejudice.

III.

Based on the foregoing discussion, it is hereby

RECOMMENDED that Defendant's Motion to Dismiss, found at Docket No. 25, be denied, without prejudice to Defendant's right to reassert the same at a later time if circumstances warrant doing so.

Dated this 14th day of April, 2008, at Pierre, South Dakota.

BY THE COURT:

Mark A. Moreno

**MARK A. MORENO**
**UNITED STATES MAGISTRATE JUDGE**

ATTEST:
JOSEPH HAAS, CLERK
BY: _____
         Deputy
(SEAL)

9

## NOTICE

Failure to file written objections to the within and foregoing Report and Recommendations for Disposition within ten (10) days from the date of service shall bar an aggrieved party from attacking such Report and Recommendations before the assigned United States District Judge. See 28 U.S.C. § 636(b)(1).